# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40785
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICARDO GARCIA HEREDIA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:01-CR-91-1

Before JONES, Chief Judge, and DENNIS and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ricardo Garcia Heredia appeals his 2008 convictions and sentence for conspiracy to possess with intent to distribute more than five kilograms of cocaine, aiding and abetting possession with intent to distribute 480 kilograms of cocaine, possession with intent to distribute 706 kilograms of cocaine, and conspiracy to launder monetary instruments.

Garcia Heredia first challenges the admission of evidence that he initially produced false identification documents when he was arrested. If the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in admitting this evidence, such error was harmless. *See United States v. Hawley*, 516 F.3d 264, 267-68 (5th Cir. 2008), *cert. denied* 129 S. Ct. 994 (2009). Given the testimony that Garcia Heredia was involved in the transportation of large quantities of narcotics and cash, we conclude that there is not a reasonable possibility that brief testimony regarding the false identification documents substantially influenced the jury's verdict or contributed to the conviction. *See Hawley*, 516 F.3d at 267-68; *see also United States v. Williams,* 957 F.2d 1238, 1243-44 (5th Cir. 1992).

Garcia Heredia also argues that the district court erred in its calculation of the applicable Sentencing Guidelines. He asserts that the district court "double-counted" his drug offenses by using them to calculate his offense level for the drug offenses, to calculate his base offense level for the money laundering conviction, and as the basis for the application of a specific offense characteristic that increased the offense level for the money laundering conviction. Review of a sentence must start with whether the district court committed any "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range." *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). We review a district court's interpretation or application of the Guidelines de novo and its factual findings for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Impermissible double counting occurs when a defendant's drug counts and money laundering counts are not grouped for guidelines purposes. *See United States v. Rice,* 185 F.3d 326 (5th Cir. 1999). However, in the instant case, Garcia Heredia's drug and money laundering offenses were properly grouped; therefore, we conclude that there was no double counting. *See also United States v. Ramos,* No. 06-30652, 2007 WL 1112664 (5th Cir. Apr. 12, 2007) (unpublished). We also conclude that the district court did not err in its guidelines calculations. *See Gall,* 128 S. Ct. at 597.

AFFIRMED.